## CIRCUIT COURT OF THE CITY OF FREDERICKSBURG

Telephone Answering Service
of Fredericksburg, Inc.

v.

Hilldrup & Virginia
Cab Association, Inc.

July 20, 1993

BY JUDGE JOSEPH E. SPRUILL, JR.

In this proceeding the Court is asked to enjoin the use by defendant of a trade name alleged to be a colorable imitation of and confusingly similar to trade names and service marks used by the plaintiff. Plaintiff further seeks to enjoin the use by defendants of a telephone number registered and listed by the defendant under such name.

The plaintiff corporation operates two taxi services in the City of Fredericksburg. The defendant is a corporation also in the taxi business in the city, established by two, or perhaps more, former taxi drivers who previously had worked for the plaintiff.

The evidence establishes that the plaintiff and its predecessors operated its business using the names "Hilldrup Taxi Service" and "Virginia Cab Service" for over twenty years. Although this business has been operated under two names throughout this period, it has been operated essentially as a single business entity acting primarily as a dispatcher for various taxi drivers. These drivers generally have owned their own vehicles and appear to have operated essentially as independent contractors.

The evidence further shows that in June, 1991, the plaintiff applied for and was granted by the State Corporation Commission two Certificates of Registration for the use of the names "Hilldrup Taxi Service" and "Virginia Cab Service." Thereafter, on December 17, 1991, "Hilldrup & Virginia Cab Association, Inc.," was granted a charter by the State Corporation Commission. In March, 1993, the defendants placed an advertisement in the local telephone directory and has used the

name "Hilldrup & Virginia Cab Association, Inc.," in its solicitation of business.

The evidence supports a finding that because the plaintiff has continuously used the names "Hilldrup Taxi Service" and "Virginia Cab Service" for many years, it has acquired a proprietary interest in them and is entitled to use these names or marks to the exclusion of others. This conclusion is bolstered by the fact that plaintiff registered the names in June, 1991, with the State Corporation Commission, prior to the time of defendants' incorporation.

As the plaintiff notes in its memorandum, the purpose of a trademark or trade name is to protect the good will of a business. Entitlement to a trade name or trademark is derived from use.

Counsel concede that Hilldrup & Virginia Cab Association, Inc., is a colorable imitation of and confusingly similar to "Hilldrup Taxi Service" and "Virginia Cab Service." The similarity is such that "any person with such reasonable care and observation as the public generally are capable of using and may be expected to exercise would mistake one for the other." *Rosso and Mastracco v. Giant Food*, 200 Va. 159 (1958). Thus, the dominant question is whether there is any theory recognized in law which entitles defendant to the use of its name in operating a taxi service in Fredericksburg in competition with plaintiff.

Defendant argues that the plaintiff operates not a taxi service but a dispatching service and that plaintiff has never purchased these names. In fact, plaintiffs operate a dispatching service in connection with its operation of a taxi service. It is through taxi fares, not dispatching, that revenue is generated. Further, while it is true that plaintiff has not purchased these names, however that might possibly have been accomplished, plaintiff or its predecessors have purchased the assets of businesses operating under these names.

We find that the defendant is not entitled to the use of the name "Hilldrup Taxi Service and Virginia Cab Service, Inc.," in operating a taxi service in Fredericksburg. The defendant has simply been unable to refute the established history of these businesses.

Because Hilldrup & Virginia Cab Association, Inc., is confusingly similar to the plaintiff's trade names and are colorable imitations thereof, defendant's use of this name must cease. Accordingly, plaintiff's request for an injunction is granted. Further, the Court will order that the defendant's telephone number listed under its present name be disconnected.